UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN EPPARD,<br><br>　　　　　　Plaintiff,<br>v.<br><br>WOODS HOLE OCEANOGRAPHIC<br>INSTITUTION<br><br>　　　　　　Defendants. | Civil No. 09-2668 L  (NLS)<br><br>**(1) ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND INSPECTION;**<br><br>**(2) ORDER GRANTING DEFENDANT'S CROSS MOTION FOR PROTECTIVE ORDER**<br><br>[Docket Nos. 15, 16 & 18.] |

**INTRODUCTION**

Plaintiff has filed a seaman's personal injury suit under the Jones Act, for injuries suffered while working aboard Defendant's research vessel, the R/V Atlantis ("Vessel"). [Doc. No. 16 at 1.] The Vessel was scheduled to arrive in San Diego on April 25, 2010, and will depart on May 14, 2010. [*Id.* at 2.] On April 22, 2010, Plaintiff filed an ex parte Motion to Compel an inspection of the Vessel on May 3, 2010, and also take depositions between May 3-5, 2010, of crew members, most notably Sean Kelley, with whom Plaintiff was working when the injury occurred. [*Id.* at 3.] On the same day, defense counsel informed the Court that she would attempt to resolve the issue with counsel for the Plaintiff, and if there was no agreement, she would file an Opposition.  The parties did not reach an agreement and on April 27, 2010, Defendant filed not only an Opposition but also a cross motion for a protective order to prevent Plaintiff from taking depositions between May 3-5, 2010, or inspecting the Vessel on May 3,

2010. [Doc. No. 18.] On April 28, 2010, Plaintiff filed a Reply. [Doc. No. 20.] Upon review of the parties' papers, exhibits, and supporting declarations, the Court **DENIES IN PART** and **GRANTS IN PART** the ex parte motion to compel and **GRANTS** the cross-motion for a protective order.

## RELEVANT PROCEDURE

The Court held an ENE in this case on March 22, 2010. [Doc. No. 12.] The case did not settle and the parties stated they were scheduled to engage in mediation on April 26, 2010. The Court issued a Rule 26 Compliance Order, providing a deadline of April 26, 2010, for lodging the parties' Joint Discovery Plan, and May 7, 2010, for the parties' Case Management Conference. [Doc. No. 13.] Thereafter, the parties' mediation was postponed because Plaintiff was going to raise his lifetime medical cost claim by 1.4 million based on a recent recommendation by his doctor that he receive a costly "narcotic pump" for pain relief. On April 16, 2010, Plaintiff sent notice to Defendant requesting depositions be scheduled for crew members on May 3, 4 and 5, 2010. [Doc. No. 16, Exhibit 2.] Plaintiff also sent notice to Defendant requesting inspection of the Vessel on May 3, 2010. [*Id.* at Exhibit 3.] Defendant refused these requests precipitating Plaintiff's current motion for Court intervention.

The parties have timely filed their Joint Discovery Plan. [Doc. No. 17.] Among other things, they have agreed to a fact discovery cut off date of October 15, 2010 and an expert discovery cut off date of December 31, 2010. [*Id*. at 3.]

## PARTIES' ARGUMENTS

Plaintiff asserts: (1) Sean Kelley must be deposed on May 3 because that is the only date when he is certain where Mr. Kelley will be since he leaves San Diego "sometime after May 3, 2010;" (2) other crew members' depositions must be taken between May 3-5 because this is the only time "they may be in San Diego;" (3) the Vessel must be inspected on May 3, 2010 because it will not return to San Diego until August 2010 which will prejudice the discovery process; and (4) he should not have to bear the burden of costs to fly to San Francisco in June 2010 when the Vessel will be in port at that location.

Defense counsel argues: (1) upon arrival in San Diego, the Vessel will be dry docked as the U.S. Navy, who owns the ship, carries out an inspection (Plaintiff has offered evidence to show this should take 2 days, April 29 and 30, 2010); (2) this means Defendant will have very little time to fly national

counsel to San Diego from Massachusetts and meet with and interview its employees prior to the depositions; (3) Sean Kelley, in particular, has indicated that he will leave San Diego on May 1, 2010 to travel to Boston for medical reasons and will be available for deposition in May near his home on the East Coast; (4) Kelley will return to the Vessel when it is in San Francisco on June 10, 2010 and may be deposed at that time ; (5) Plaintiff has not given 30 days notice for the Vessel inspection as required by Rule 34; (6) Plaintiff has not subpoenaed any of the employees he wishes to depose as he should under Federal Rule of Civil Procedure 45 (Plaintiff states notice of depositions is sufficient for employees of Defendant under maritime law custom and practice in California); and (7) even if proper service has been effected on the deponents, it is "patently unreasonable" because Defendant's counsel is in Massachusetts, preparation time is limited and the deponents need to attend to their personal and professional obligations after they arrive.

**DISCUSSION**

A.   *Inspection of the Vessel*

First, the Court notes Defendant's Motion for Protective Order to prevent the Vessel inspection only applies to the date of May 3. Otherwise, it appears Defendant would be amenable to inspection of the Vessel by Plaintiff if such inspection could take place a fair amount of time after May 3 to allow for "time to review the scheduled April 30, 2010 automatic disclosures to assist [Defendant] with understanding the nature and background facts of Plaintiff's injury, or to retain experts to inspect the Vessel along with Plaintiff's experts." [Doc. No. 18 at 6.]

Second, Plaintiff makes a convincing argument with regard to the financial and logistical hardship that would occur if Plaintiff had to travel to San Francisco for the Vessel inspection. He claims it would increase his costs by "at least $5,000 to $10,000." Plaintiff's costs would include expenses for board and travel for at least "one expert, two assistants, his counsel, a San Diego based professional photographer and himself." Plaintiff is also the caretaker of his two children while his wife works and he would need to arrange childcare for a longer period of time if the inspection took place out of town. As for waiting until August, when the Vessel returns to San Diego, the Court is reluctant to postpone the course of discovery until that time in the interests of efficiency. Furthermore, it should not have come as a complete surprise to Defendant that Plaintiff would want to inspect the Vessel during the time that it

is in San Diego. After the mediation fell through, Plaintiff raised the possibility of imminent inspection in an e-mail dated April 12, 2010, wherein he stated, "I suggest we move the mediation a few days or a week to allow us to do Eppard's deposition, the vessel inspection and whatever else we need to do so that the parties are fully informed about the basic facts of the claim." [Doc. No. 20, Exhibit 2.] In another e-mail dated April 16, 2010, Plaintiff requests inspection of the Vessel between April 25-May 14, 2010. [*Id*. at Exhibit 3.]

Thus, the Court believes a fair resolution of this matter would be to allow Plaintiff to inspect the Vessel prior to its departure from San Diego on May 14, 2010, at a time most convenient for all concerned. The Court encourages the parties to cooperate fully in this matter.

B.   *Depositions*

Unlike the financial and logistical burden of traveling to San Francisco for the Vessel inspection, the out-of-town deposition of Sean Kelley only requires Plaintiff's counsel's presence. Furthermore, there is nothing to suggest other crew members will leave San Diego after May 3. In this situation the balancing of prejudice and interests does not clearly favor Plaintiff's position that Kelley's and other crew members' depositions must take place on exactly May 3, 2010. This case is in the early stages of discovery, Plaintiff knows with certainty where Sean Kelley will be available to be deposed after May 3, and in June, and May 3 would leave very little time for Defendant and deponents to prepare for the several depositions noticed by Plaintiff. The Court encourages the parties to reach an agreement as to deposition dates for the proposed deponents who will remain in San Diego prior to the departure of the Vessel on May 14, 2010. Plaintiff has asked the Court to order a U.S. Marshall to deliver subpoenas to the deponents in the secured area where the Vessel is docked. This should not be necessary if the parties agree to cooperate on mutually acceptable dates other than May 3.

## CONCLUSION

Based on the above considerations, the Court hereby **ORDERS**:

1. Plaintiff's Motion to Compel depositions and inspection of the Vessel on May 3, 2010, is **DENIED.**

2. Plaintiff's Motion to Compel inspection of the Vessel and take depositions of available crew members while at port in San Diego prior to May 14, 2010, is **GRANTED**.

    3.    Defendant's Motion for Protective Order to prevent inspection and depositions on May 3, 2010, is **GRANTED**.

    4.    Pursuant to a mutually agreed upon date and time by the parties, Plaintiff shall have access to inspect the Vessel prior to its departure from San Diego on May 14, 2010.

    5.    Pursuant to a mutually agreed upon date and time, the parties shall participate in the taking of depositions of crew members present in San Diego, prior to May 14, 2010.

    6.    The deposition of Sean Kelley shall be taken pursuant to a mutually agreed upon date and time on or before June 30, 2010.

**IT IS SO ORDERED**.

DATED:  April 30, 2010.

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court